**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** : | |
| : | Case No. 2:03-cv-326 |
| **Plaintiff,** : | |
| v. : | Judge Holschuh |
| : | Magistrate Judge Abel |
| **SIERRA BROKERAGE SERVICES, INC., et al.,** : | |
| **Defendants.** : | |

**MEMORANDUM OPINION & ORDER**

On January 10, 2006, Magistrate Judge Abel issued an Order (Record at 151) recommending that the Court deny Defendant Aaron Tsai's motion for sanctions against Plaintiff's counsel (Record at 62). This matter is currently before the Court on Defendant's objections to that Order (Record at 154).[1] For the reasons stated below, the Court reserves ruling on those objections pending additional briefing.

**I. Background and Procedural History**

On April 11, 2003, the Securities and Exchange Commission ("SEC") filed suit against twelve defendants alleging several counts of securities fraud. The SEC alleges that defendants engaged in price manipulation and unregistered sales of securities. One of the named defendants is Aaron Tsai. As explained more fully in this Court's October 18, 2005 Memorandum Opinion and Order, Tsai incorporated numerous shell companies, including MAS XI. MAS XI was created so that Tsai could locate a private company and consummate a reverse merger. Tsai

---

[1] Cross-motions for summary judgment remain pending and will be addressed in a separate Memorandum Opinion and Order.

engaged the assistance of Kensington Capital to help get the MAS XI stock cleared for public sale on the Over-the-Counter Bulletin Board ("OTCBB").

Kensington filed an application with the National Association of Securities Dealers ("NASD"). The NASD initially rejected the application because the shares of MAS XI were concentrated among only five shareholders. To cure this defect, Tsai, using blank stock power forms signed by those five shareholders, transferred some of the shares to an additional twenty-eight individuals. Still unsatisfied with the application, the NASD requested an opinion letter. Kensington allegedly submitted an unsigned opinion letter dated September 2, 1999, purportedly drafted by Florida attorney Arthur Schlenkert, stating that he believed the shares to be freely tradeable. In reliance on Schlenkert's opinion letter, the NASD cleared the MAS XI stock to be publicly traded on the OTCBB. MAS XI then consummated a reverse merger with a Chinese company called BluePoint Linux Software Corporation, and Defendants began publicly trading the BluePoint stock.

The current dispute arose when, on July 2, 2004, the SEC issued a subpoena commanding Schlenkert to produce documents related to his September 2, 1999 opinion letter, and to his representation of other companies owned by Tsai. Schlenkert's deposition was scheduled for July 20, 2004. In response to the subpoena, Schlenkert faxed two letters to SEC attorneys, one on July 9, 2004 and another on July 10, 2004. Schlenkert first denied drafting the unsigned opinion letter and accused Tsai of forgery. The following day, after checking his files, Schlenkert admitted that he had drafted an opinion letter regarding MAS XI, but claimed that he did not authorize its release because Tsai had failed to provide the necessary supporting documentation and failed to pay him for his services. Schlenkert attached to the July 10th fax a

2

copy of an e-mail he purportedly sent to Tsai in November of 1999. It stated, "Hey if you can find a lawyer who writes legal opinions out of thin air, I would suggest you get him to do the opinion ASAP."

On July 14, 2004, SEC attorneys Jarett Decker, Delia Helpinstine and Tracy Lo contacted Schlenkert by telephone. According to Mr. Decker, during the course of that conversation, they discussed the documents requested in the subpoena. Schlenkert also explained how he had met Tsai, told the attorneys his impressions of him, and discussed his representation of various companies owned by Tsai. Tsai contends that, by sending the faxes and talking to SEC attorneys, Schlenkert breached his duty of confidentiality and breached the attorney-client privilege. Schlenkert's deposition was postponed so that Tsai could raise privilege issues with the Court.

On September 2, 2004, the SEC moved the Court for a declaration that the two faxes and the attached e-mail were not protected by the rules governing confidentiality or by the attorney-client privilege. (Record at 59). The SEC argued that disclosure was permitted because: Tsai had abused the attorney-client relationship; Schlenkert had a duty to rectify the false filing; Tsai had waived the privilege by inaction; Tsai had no expectation of confidentiality; Tsai waived the privilege by filing the opinion letter; and the crime-fraud exception applied.

On September 20, 2004, Defendant Tsai filed a motion seeking an order precluding the SEC from introducing into evidence documents and information obtained as a result of Schlenkert's alleged breach of confidentiality, striking all references to the content of those documents, enjoining the SEC from engaging in further communications with Schlenkert, precluding Schlenkert's testimony at deposition or trial, and disqualifying the SEC attorneys

3

who knew of the tainted information. (Record at 62).

Magistrate Judge Abel held a hearing on these motions on October 8, 2004. On November 23, 2004, he issued an Order (Record at 72) preliminarily denying Plaintiff's motion for a declaration that Defendant's claims of attorney-client privilege and confidentiality have been waived or do not apply. Pending the submission of supplemental briefs, he reserved ruling on the issue of whether the crime-fraud exception defeated the attorney-client privilege. He also reserved ruling on whether the SEC should be sanctioned for its role in exploiting Schlenkert's willingness to breach the duty of confidentiality. On February 14, 2005, Magistrate Judge Abel issued an Order (Record at 85) finding that the crime-fraud exception applied to Tsai's communications with Schlenkert, thus defeating any claim of attorney-client privilege. Tsai filed objections to Magistrate Judge Abel's Order. On October 18, 2005, the Court overruled those objections and affirmed the February 14, 2005 Order. (Record at 145).

On January 10, 2006, Magistrate Judge Abel issued a separate Order addressing the issue of whether the SEC attorneys should be sanctioned for their willingness to exploit Schlenkert's breach of confidentiality. (Record at 151). He found that the SEC attorneys "should have ceased substantive communications with Schlenkert once he began disclosing attorney-client communications to them and sought an order of the Court." He nevertheless noted that if the SEC attorneys had sought prior approval to question Schlenkert regarding his representation of MAS XI, it is likely that the Court would have ordered Schlenkert to disclose the information based on the crime-fraud exception. He therefore concluded that suppression of the evidence and disqualification of counsel would not be in the interest of justice, and recommended that Defendant's motion for sanctions be denied. Defendant Tsai filed timely objections to

4

Magistrate Judge Abel's Order.  Those objections are now fully briefed and ripe for decision.

## II.     Standard of Review

Section 636(b)(1)(A) of Title 28 of the United States Code, along with Federal Rule of Civil Procedure 72(a), govern a district court's review of a magistrate judge's nondispositive pretrial order.  In particular, § 636(b)(1)(A) provides, in relevant part that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court . . . A judge of the court may reconsider any pretrial matter under this subparagraph . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Additionally, Rule 72(a) provides that a district court shall modify or set aside any portion of a magistrate judge's nondispositive pretrial order that is found to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  The "clearly erroneous" standard applies to factual findings made by the Magistrate Judge, while legal conclusions are reviewed under the "contrary to law" standard.  See United States v. Curtis, 237 F.3d 598, 607 (6th Cir. 2001).  A finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made.  Id.

## III.    Discussion

### A.      Summary of Arguments

Defendant Tsai objects to Magistrate Judge Abel's January 10, 2006 Order, claiming that it is clearly erroneous and contrary to law.  According to Defendant, Magistrate Judge Abel overlooked the fact that the Court specifically held, in its October 18, 2005 Order, that the crime-fraud exception applies only to communications related to MAS XI.  Defendant notes that Schlenkert's communications with the SEC attorneys were broader than that, and therefore

5

argues that Magistrate Judge Abel's finding -- that the crime-fraud exception defeats the attorney-client privilege -- does not fully resolve the issue of whether sanctions should be imposed. He argues that the Court should remedy the violations of the rule of confidentiality by suppressing the tainted information, prohibiting the SEC attorneys who had contact with Schlenkert from questioning Schlenkert as a witness, and from questioning Tsai about Schlenkert's representation of MAS companies, and enjoining those attorneys from disclosing information about Schlenkert to other SEC attorneys assigned to conduct the questioning.

Plaintiff denies that Magistrate Judge Abel's Order is clearly erroneous or contrary to law. Plaintiff notes that Defendant has failed to specifically identify any other information allegedly disclosed by Schlenkert that was confidential and/or privileged. Plaintiff contends that most, if not all, of the other statements made by Schlenkert consist of general information, discussions of fee arrangements, and editorial comments that are not protected and do not warrant suppression. Plaintiff attached to its memorandum in opposition a chart showing each piece of information divulged by Schlenkert and the reasons why Plaintiff believes that information is neither confidential nor privileged.[2] Plaintiff's counsel again deny that they did anything wrong in contacting Schlenkert in advance of his deposition; they did not solicit the documents Schlenkert faxed, and offered him no inducement to breach his duty of

---

[2] Plaintiff also reasserts several arguments raised earlier. For example, with respect to the November, 1999 e-mail attached to the first fax Schlenkert sent to the SEC, Plaintiff contends that because Tsai argues that the e-mail was fabricated, Tsai cannot also claim that it constitutes a privileged attorney-client communication. With respect to opinion letters alleged drafted by Schlenkert concerning other MAS entities, Plaintiff argues that the privilege was waived when these documents were disclosed to third parties such as Kensington and the NASD.

confidentiality.  Plaintiff also argues that because all of Schlenkert's communications were within the scope of the subpoena issued by the SEC, Schlenkert would have been required to disclose the information anyway during the course of his scheduled deposition; the fact that he voluntarily disclosed some of the information a week or so early is largely irrelevant.  For all of these reasons, Plaintiff contends that there is no basis to suppress the information obtained from Schlenkert or to disqualify the SEC attorneys who contacted Schlenkert.[3]

In his reply brief, Defendant argues that even if the crime-fraud exception defeats the attorney-client privilege with respect to communications concerning MAS XI, this means only that the SEC is entitled to question Schlenkert, at a *future* deposition or trial, about those particular communications.  It does not resolve the independent issue of whether the Court should provide a remedy for the *prior* improper disclosures, in the form of an order precluding Plaintiff from using the fruits of its improper conduct.  In addition, Defendant argues that because Plaintiff failed to appeal Magistrate Judge Abel's November 23, 2004 order preliminarily denying Plaintiff's motion for a declaration that Defendant's claims of attorney-client privilege and confidentiality have been waived or do not apply, Plaintiff is barred from reasserting these arguments.

---

[3] Plaintiff also argues that denial of Tsai's motion for sanctions was appropriate on another, independent ground.  Tsai failed to produce Schlenkert's letter in response to a subpoena, and denied that he was withholding any documents based on privilege.  The SEC was unaware of Schlenkert's involvement until the opinion letter surfaced later in the course of discovery.  Plaintiff contends that Tsai's concealment of Schlenkert's involvement warrants the denial of sanctions.

  B.  Analysis

  Magistrate Judge Abel properly denied Defendant's request for sanctions concerning Schlenkert's disclosures involving MAS XI.  In the Court's view, his finding is neither clearly erroneous or contrary to law.  Because the applicability of the crime-fraud exception forecloses a finding that these communications were protected, no sanctions are warranted with respect to communications concerning MAS XI.  However, to the extent that Magistrate Judge Abel's January 10, 2006 Order suggests that because the crime-fraud exception applies to Schlenkert's communications concerning MAS XI, there can be no basis for suppressing <u>any</u> information Schlenkert gave to the SEC attorneys and no basis for prohibiting the SEC attorneys tainted by the allegedly improper disclosures from questioning Schlenkert or Tsai at trial concerning any topic, the Court agrees that the Order is too broad.  Because not all of the information divulged by Schlenkert falls within the scope of the crime-fraud exception, the applicability of that exception does not fully address the question of whether Defendant is entitled to a remedy for the alleged breaches of the duty of confidentiality.

  Nevertheless, as Plaintiff points out, Defendant has yet to specifically identify any other confidential or privileged information Schlenkert shared with the SEC attorneys that would justify imposing a blanket suppression order or prohibiting the SEC attorneys from questioning Tsai or Schlenkert.  Defendant has made no attempt to answer Plaintiff's argument that other statements made by Schlenkert were not privileged or confidential.  Defendant simply argues that Plaintiff waived this argument by failing to appeal Magistrate Judge Abel's November 23, 2004 Order preliminarily denying Plaintiff's motion for a declaration that Defendant's claims of attorney-client privilege and confidentiality have been waived or do not apply.  This argument

lacks merit. Because the November 23, 2004 Order was clearly limited to communications involving MAS XI, Plaintiff is not barred from reasserting these arguments with respect to Schlenkert's disclosures involving his representation of other companies owned by Tsai.

After carefully reviewing the record, the Court has decided to reserve ruling on Defendant's objections. Defendant shall have 30 days from the date of this Order to file, if he so chooses, a supplemental brief identifying specific confidential or privileged information divulged by Schlenkert *other than those communications involving MAS XI that the Court has already held are subject to disclosure pursuant to the crime-fraud exception to the attorney-client privilege*. If Defendant identifies specific information that falls outside the scope of the crime-fraud exception, Plaintiff shall have 15 days to file a response brief stating why the information identified by Defendant is not confidential or privileged. If Defendant does not file a supplemental brief within 30 days of the date of this Order, the Court will overrule Defendant's Objections to Magistrate Judge Abel's Order and deny the motion for sanctions.

**IT IS SO ORDERED.**


Date: March 27, 2006             **/s/ John D. Holschuh**
John D. Holschuh, Judge
United States District Court