# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : : : |
| Plaintiff, | : : Case No. C2-03-CV-326 |
| v. | : : : JUDGE ALGENON L. MARBLEY |
| SIERRA BROKERAGE SERVICES INC., ET AL., | : : Magistrate Judge Abel : |
| Defendants | : |

## ORDER

This matter is now before the Court on Plaintiff, the Securities and Exchange Commission's ("SEC") Motion for Entry of Default Judgment Against Defendant Sierra Brokerage Services, Inc. ("Sierra") pursuant to Federal Rule of Civil Procedure 55(a) and 55(b)(2). (Doc. no. 215.) In the Motion, the SEC request that the Court order default judgment against Sierra, order Sierra to disgorge profits it received as a result of its alleged wrongdoing, impose civil penalties, and permanently enjoin Sierra from future securities law violations. For the reasons explained below, the SEC's Motion is **GRANTED** to the extent it seeks an entry of default but **DENIED** to the extent it seeks a default judgment.

## I. BACKGROUND

On April 11, 2003, the SEC filed its complaint against Sierra and eleven other defendants alleging that they had repeatedly violated federal securities law in connection with a reverse merger between MAS Acquisition XI Corporation and Bluepoint Linux Software Corporation ("Bluepoint") and the subsequent public sales of the merged company's stock. The SEC

properly served Sierra with the summons and complaint. On May 29, 2003, Sierra executed a Waiver of Service of Summons acknowledging that it had received the Complaint. Sierra, however, failed to answer or file other responsive pleadings to the Complaint.

On July 20, 2005 the SEC filed a partial motion for summary judgment against Sierra and the other defendants. Sierra also failed to oppose that Motion. Consequently, during oral argument on the SEC's and the other defendants' cross-motions for summary judgment, the SEC requested that the Court enter an order of default judgment against Sierra pursuant to Federal Rule of Civil Procedure 55 based on Sierra's failure to plead or otherwise defend itself. The Court directed the SEC to file a written motion requesting default. On March 27, 2009, the SEC filed its motion for default judgment, which is now before the Court. In support of that Motion the SEC provided a supporting affidavit detailing Sierra's failure to plead or otherwise defend itself in this action.

## II. LAW & ANALYSIS

The SEC's Motion requests both an entry of default against Sierra pursuant to Federal Rule of Civil Procedure 55(a) and a default judgment pursuant to Rule 55(b)(2). Rule 55(a) provides that when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend itself and that failure is demonstrated by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Once a default is entered, well-pled facts of the complaint concerning liability are accepted as true. *United States v. Cunningham*, No. 07-cv-212, 2009 WL 112831, at *3 (S.D. Ohio Jan. 15, 2009).

The amount of damage, however, is not assumed. *Id*. Where a request for damages is for a "a sum certain or a sum that can be made certain by computation," the clerk may enter

judgment for that amount upon a plaintiff's request.  Fed. R. Civ. P. 55(b)(1).  The SEC, however, has motioned pursuant to Fed. R. Civ. P. 55(b)(2) which provides "[i]n all other cases, the party must apply to the Court for a default judgment."  The Rule further provides that "[t]he court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed.R.Civ.P. 55(b)(2).  To obtain a default judgment under Rule 55(b)(2), there must first be an entry of default under Rule 55(a).  *Brantley v. Runyon*, No. C-1-96-842, 1997 WL 373739, at *1 (S.D. Ohio June 19, 1997).  Therefore, the SEC's request for default judgment is premature because an entry of default has not yet been entered.  *See United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983) (setting forth the proper sequence for motions under Rule 55).  Furthermore, the SEC has not specified in its Motion the amount it seeks in disgorgement, interest, and civil penalties and has not provided supporting affidavits or calculations for those figures.

Notwithstanding that, the SEC has requested the entry of a default under Rule 55(a).  Having reviewed the record in this case and the SEC's supporting affidavit, the Court finds that an entry of default pursuant to Fed. R. Civ. P. 55(a) is appropriate based on Sierra's failure to answer the Complaint, failure to oppose summary judgment, and overall failure to plead or defend itself in this action.  Accordingly the Court orders that the SEC's request for an entry of default against Defendant Sierra is **GRANTED**, **the clerk is DIRECTED to file an entry of default against Defendant Sierra Brokerage Services, Inc**.

Furthermore, it is **ORDERED** that within **30 days** of the date of this Order, the SEC shall file a Motion for Default Judgment pursuant to Rule 55(b)(2) requesting any injunctive relief sought and detailing the amount of disgorgement, prejudgment interest, and civil penalties to be assessed against Sierra. The SEC shall attach an affidavit explaining in how it calculated those figures. After examining that motion and affidavit the Court will determine whether an evidentiary hearing is necessary.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: March 31, 2009**