UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA BROKERAGE SERVICES, INC., ET AL.,<br><br>Defendants. | Case No. C2-03-326<br><br>Judge Marbley<br>Magistrate Judge Abel |

## JUDGMENT AS TO DEFENDANT AARON TSAI

Plaintiff Securities and Exchange Commission filed its Complaint in this matter on April 11, 2003. Defendant Aaron Tsai ("Mr. Tsai" or "Defendant"), having filed an answer, has admitted the Court's jurisdiction over him and the subject matter of this action. On March 31, 2009, this Court entered an Opinion and Order in which it found that Plaintiff is entitled to summary judgment against Mr. Tsai on Count I, liability for violating Section 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)]; Count VIII, liability for violating Section 13(d)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(d)(1)] and Rule 13d-1(a) promulgated thereunder [17 C.F.R.§ 240.13d-1(a)]; and Count IX, liability for violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 thereunder [17 C.F.R. § 240.16a-3] (see Docket #221). As part of that Opinion and Order, the Court granted a permanent injunction against Mr. Tsai on Counts I, VIII and IX and ordered disgorgement and prejudgment interest. Therefore:

1

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in the interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently enjoined and restrained and his officers, agents, servants, employees, attorneys

and all persons in active concert or participation with him who receive notice of this Judgment by personal service or otherwise, from violating Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1 promulgated thereunder [17 C.F.R. 240.13d-1] by failing or aiding and abetting a failure, within ten (10) days after acquiring, directly or indirectly, whether singly or as part of a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding, voting or disposing of securities, the beneficial ownership of more than five (5) percent of (A) any equity security of a class which is registered pursuant to Section 12 of the Exchange Act, or (B) any equity security of an insurance company which would have been required to be so registered except for the exemption contained in Section 12(g)(2)(G) of the Exchange Act, or (C) any equity security issued by a closed-end investment company registered under the Investment Company Act of 1940 [15 U.S.C. § 80a-1, et seq.], to file or cause to be filed with the Commission, and to send or cause to be sent to the issuer of such equity security and to any national securities exchange where such equity security is traded, the statements containing information required by Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1 promulgated thereunder [17 C.F.R. § 240.13d-1].

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently enjoined and restrained and his officers, agents, servants, employees, attorneys and all persons in active concert or participation with them who receive notice of this Judgment by personal service or otherwise, from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 [17 C.F.R.§ 240.16a-3] promulgated thereunder, directly or indirectly, by failing to file, by improperly filing, or by filing inaccurate information in statements with the

Commission regarding ownership of an issuer's securities, registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], as well as any changes in ownership of such securities.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mr. Tsai is liable for disgorgement of $250,000.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $101,987.00, for a total of $351,987.00. Mr. Tsai shall satisfy this obligation by paying $351,987.00 within ten (10) business days after entry of this Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Mr. Tsai as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Mr. Tsai shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. Mr. Tsai shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

Upon motion of the Commission, the Court shall determine whether it is appropriate to order a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount of the civil penalty. In connection with the Commission's motion for civil penalties, and at any hearing held

on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: 1 March, 2010

UNITED STATES DISTRICT JUDGE