UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

SIERRA BROKERAGE SERVICES, INC., ET AL.,

Defendants.

Case No. C2-03-326

JUDGE ALGENON L. MARBLEY
Magistrate Judge Abel

# FINAL JUDGMENT OF PERMANENT INJUNCTION BY DEFAULT AGAINST DEFENDANT SIERRA BROKERAGE SERVICES, INC.

The Court, having reviewed Plaintiff Securities and Exchange Commission's ("Commission") Motion for Entry of Default Judgment Pursuant to Rule 55(b)(2) and having considered Plaintiff's Complaint, Plaintiff's Memorandum in Support, and the evidence submitted in support thereof, and for good cause shown:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Sierra Brokerage Services, Inc. ("Sierra") and Defendant's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in the interstate commerce or of the

1

mails to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Sierra and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Sierra and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Sierra and Defendant's agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 15(c)(1) of the Exchange Act [15 U.S.C. §78o(c)(1)] and Rule 15c1-2 promulgated thereunder [17 C.F.R. §240.15c1-2], directly or indirectly, by using the mails or

any means or instruments of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security, otherwise than on a national securities exchange of which the broker or dealer is a member, by means of any manipulative, deceptive or other fraudulent device or contrivance, including:

(a) any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; and

(b) any untrue statement of a material fact and any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading (which statement or omission is made with knowledge or reasonable grounds to believe that it is untrue or misleading).

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court dismisses with prejudice any claims by the Commission for disgorgement, prejudgment interest or civil penalties against Defendant Sierra.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: March 1, 2010

UNITED STATES DISTRICT JUDGE