UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA BROKERAGE SERVICES, INC., ET AL.,<br><br>Defendants. | Case No. C2-03-326<br><br>Judge Marbley<br>Magistrate Judge Deavers |

## FINAL JUDGMENT AS TO DEFENDANT MICHAEL M. MARKOW

On March 31, 2009, this Court entered an Opinion and Order in which it found that Plaintiff Securities and Exchange Commission ("Commission") is entitled to summary judgment against the Defendant Michael M. Markow ("Defendant") on Count I, liability for violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)]; Count VIII, liability for violating Sections 13(d)(1) and (2) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78m(d)(1) and (2)] and Rules 13d-1(a) and 13d-2(a) promulgated thereunder [17 C.F.R.§§ 240.13d-1(a) and 240.13d-2(a)]; and Count IX, liability for violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 thereunder [17 C.F.R. § 240.16a-3]. (Dckt. #221). As part of that Opinion and Order, the Court granted a permanent injunction and ordered disgorgement and prejudgment interest against the Defendant. The Defendant did not oppose the Commission's motion for the imposition of a $250,000 civil penalty against him filed on July 23, 2010. (Dckt. #270). The Court subsequently

entered a judgment against Markow on October 7, 2010 (Dckt. #282), which enjoined him from violations of those provisions as to which he was found liable in the March 31, 2009 Opinion and Order and ordered him to pay disgorgement, prejudgment interest and a civil penalty. Now, the Court having considered the Commission's present motion for a Final Judgment against Markow, the submissions of all parties concerning this motion, and being apprised of the premises, the Court grants the Commission's motion and hereby orders the Clerk of the Court to enter this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the

Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently enjoined and restrained from violating Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1 promulgated thereunder [17 C.F.R. 240.13d-1] by failing or aiding and abetting a failure, within ten (10) days after acquiring, directly or indirectly, whether singly or as part of a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding, voting or disposing of securities, the beneficial ownership of more than five (5) percent of (A) any equity security of a class which is registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or (B) any equity security of an insurance company which would have been required to be so registered except for the exemption contained in Section 12(g)(2)(G) of the Exchange Act [15 U.S.C. § 78l(g)(2)(G)], or (C) any equity security issued by a closed-end investment company registered under the Investment Company Act of 1940 [15 U.S.C. § 80a-1, et seq.], to file or cause to be filed with the Commission, and to send or cause to be sent to the issuer of such equity security and to any national securities exchange where such equity security is traded, the statements containing information required by Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1 promulgated thereunder [17 C.F.R. § 240.13d-1]; and are further permanently restrained and enjoined from violating Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-2 promulgated thereunder [17

C.F.R. §240.13d-2] by failing or aiding and abetting a failure, if any material change occurs in the facts set forth in such statements, promptly to file or cause to be filed with the Commission and to send or cause to be sent to the issuer of such equity security and to any national securities exchange where such equity security is traded, the amendments to such statements required by Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-2 promulgated thereunder [17 C.F.R. § 240.13d-2] and Schedule 13D [17 C.F.R. § 240.13d-101].

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently enjoined and restrained from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 [17 C.F.R.§ 240.16a-3] promulgated thereunder, directly or indirectly, by failing to file, by improperly filing, or by filing inaccurate information in statements with the Commission regarding ownership of an issuer's securities, registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], as well as any changes in ownership of such securities.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable, jointly and severally with Defendant Global Guarantee Corporation, for disgorgement of $1,233,640, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $447,118, for a total of $1,680,758. Defendant shall satisfy this obligation by paying $1,680,758 within fourteen (14) days after entry of this Final Judgment, by certified check, bank cashier's check, or United States postal money

order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Markow as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $250,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)]. Defendant shall make this payment within fourteen (14) days after entry of the Final Judgment, by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia, 22312, and shall be accompanied by a letter identifying Markow as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VI.

IT IS FURTHER ORDERED ADJUDGED, AND DECREED that this Court dismisses the following claims against the Defendant with prejudice: Count II (Section 17(a)(1) of the Securities Act), Count III (Sections 17(a)(2) and 17(a)(3) of the Securities Act), and Count IV (Section 10(b) of the Exchange Act and Rule 10b-5 thereunder).

VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 17 Oct., 2011

UNITED STATES DISTRICT JUDGE