UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA BROKERAGE SERVICES, INC., ET AL.,<br><br>Defendants. | Case No. C2-03-326<br><br>Judge Marbley<br>Magistrate Judge Deavers |

**FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANT**
**GLOBAL GUARANTEE CORPORATION**

This cause coming to be heard on Plaintiff Securities and Exchange Commission's ("Commission") Motion for Final Judgment of Permanent Injunction and Other Relief Against Defendant Global Guarantee Corporation ("Global"); the Court having considered Plaintiff's Complaint, Plaintiff's Motion, Plaintiff's Memorandum in Support of its Motion, the evidence submitted in support thereof, and all other relevant filings; the Court, being fully advised in the premises, finds:

1. That this Court has jurisdiction over the subject matter of this case and Defendant Global;

2. That Defendant Global has engaged in transactions, acts, practices and courses of business that constitute violations of the federal securities laws. Specifically, Defendant Global has engaged in transactions, acts, practices and courses of business which constitute violations of Sections 5(a), 5(c), 17(a)(1), 17(a)(2), and 17(a)(3) of the Securities Act

of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c), 77q(a)(1), 77q(a)(2), and 77q(a)(3), Sections 10(b), 13(d)(1), 13d(2), and 16(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78m(d)(1), 78m(d)(2), and 78p(a)] and Rules 10b-5, 13d-1(a), 13d-2(a) and 16a-3 thereunder [17 C.F.R. §§ 240.10b-5, 240.13d-1(a), 240.13d-2(a), and 240.16a-3].

3. That without an order permanently enjoining Defendant Global from violating the securities laws set forth herein, there is a substantial likelihood that Defendant Global will continue to violate the federal securities laws; and

4. That it is necessary for Defendant Global to pay disgorgement, plus prejudgment interest, in order to make their violations of the federal securities laws unprofitable and to deter future violations.

I.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that Defendant Global and its directors, officers, subsidiaries, agents, servants, employees, attorneys and those persons in active concert or participation with it who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Global and its directors, officers, subsidiaries, agents, servants, employees, attorneys and those persons in active concert or participation with it who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] by, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) employing any device, scheme, or artifice to defraud;

(b) obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Global and its directors, officers, subsidiaries, agents, servants, employees, attorneys and those persons in

active concert or participation with it who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Global and its directors, officers, subsidiaries, agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, be and they hereby are permanently restrained and enjoined from violating Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1 promulgated thereunder [17 C.F.R. § 240.13d-1] by failing or causing a failure, within ten (10) days after acquiring, directly or indirectly, whether singly or as part of a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding, voting or disposing of securities, the beneficial ownership of more than five (5) percent of

(a) any equity security of a class which is registered pursuant to Section 12 of the Exchange Act, or

(b) any equity security of an insurance company which would have been required to be so registered except for the exemption contained in Section 12(g)(2)(G) of the Exchange Act, or

(c) any equity security issued by a closed-end investment company registered under the Investment Company Act of 1940 [15 U.S.C. § 80a-1, et seq.], or

(d) any equity security issued by a Native Corporation pursuant to Section 37(d)(6) of the Alaska Native Claims Settlement Act,

to file or cause to be filed with the Commission, and to send or cause to be sent to the issuer of such equity security and to any national securities exchange where such equity security is traded, the statements containing information required by Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1 promulgated thereunder [17 C.F.R. ' 240.13d-l]; and is further permanently restrained and enjoined from violating Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-2 promulgated thereunder [17 C.F.R. § 240.13d-2] by failing or causing a failure, if any material change occurs in the facts set forth in such statements, promptly to file or cause to be filed with the Commission and to send or cause to be sent to the issuer of such equity security and to any national securities exchange where such equity security is traded, the amendments to such statements required by Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-2 promulgated thereunder [17 C.F.R. § 240.13d-2] and Schedule 13D (17 C.F.R. § 240.13d-101].

V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Global and its directors, officers, subsidiaries, agents, servants, employees, attorneys and those persons in

active concert or participation with it who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 thereunder [17 C.F.R. § 240.16a-3] by failing or causing failure to file, by improperly filing, or by filing inaccurate information in statements with the Commission regarding ownership of an issuer's securities, registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], as well as any changes in ownership of such securities.

## VI.

**IT IS FURTHER ORDERED, ADJUGED, AND DECREED** that Defendant Global is liable, jointly and severally with Defendant Michael Markow, for disgorgement of $1,233,640, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $447,118. Defendant shall satisfy this obligation by paying $1,680,758 within fourteen (14) days of the entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Global as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Global shall simultaneously transmit photocopies of such payment and letter to Commission's counsel in this action. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court dismisses with prejudice any claims by the Commission for civil penalties against Defendant Global.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: Jan 6, 2012

_____
UNITED STATES DISTRICT JUDGE